## SCHUSTER *vs.* THE METROPOLITAN BOARD OF HEALTH.

The defendants, by an entry upon their records, declared that the premises of the plaintiff, and the business pursuit therein conducted, in their opinion, and in fact, were in a condition dangerous to life and health; and a public nuisance, and ordered that the business of slaughtering animals on the said premises be abated and discontinued, &c. The order was directed to be served as required by law, and executed by the Board of Metropolitan Police. The defendants subsequently passed another ordinance, declaring that the slaughtering of animals should not be permitted or conducted after the 15th of June, 1867, at any place in the city of New York south of 42d street; nor at any place north of that street, nor in the city of Brooklyn, without a special written permit.

The evidence showed that the plaintiff's premises were well sewered, and the business of slaughtering was conducted there by the plaintiff with the greatest care and cleanliness it was capable of, and that it was not, in this case, in fact a nuisance; and nearly all of the neighbors of the plaintiff, for a considerable distance, united in declaring, in writing, that the premises were not offensive, annoying or prejudicial to health, and in requesting the defendants not to interfere with the plaintiff in the prosecution of his business. The evidence also proved, as a fact, that the slaughtering of animals could be so regulated and conducted as not to be in any case a nuisance, or prejudicial to the public health.

*Held* that the defendants were clearly exceeding any authority conferred upon them by the laws, in attempting to declare any thing to be a nuisance which is not such by the common law. And that they should be restrained by injunction from enforcing the said ordinance against the plaintiff as the proprietor of a nuisance, and, until the hearing and disposition of the case, from interfering with his business, except for police inspection and regulation.

While the inspection and regulation of pursuits in a large city, which are liable to become injurious to the public health and safety, are within the police powers lawfully delegated to, and exercised by, local and municipal corporations, the power to suppress such pursuits, when they have been immemorially exercised, is wholly beyond and above the police powers, and extends into the domain of legislative function. *Per* LEONARD, J.

The Metropolitan Board of Health, holding office by the appointment of the governor, and not being elected by the people of the city of New York, nor appointed by any power so elected, are not officers holding from a source permitting the exercise of local legislation to be conferred on them.

The decision in *The People* v. *The Board of Metropolitan Police,* (33 *How. Pr.* 52; 48 *Barb.* 524,) approved.

MOTION for an injunction. The facts appear in the opinion of the court.

Schuster *v.* Metropolitan Board of Health.

*James M. Smith,* for the plaintiff.

*D. B. Eaton* and *Geo. Bliss,* for the defendants.

*By the Court,* LEONARD, P. J. On the 16th of May, 1867, the defendants, at a meeting of the board, entered upon its records that the premises of the plaintiff, and the business pursuit therein conducted, in their opinion, and in fact, were in a condition dangerous to life and health and a public nuisance, and ordered that the business of slaughtering animals on the said premises be abated and discontinued, thoroughly cleansed, and all fifth removed. The board directed the order to be served as the law required, and executed by the Board of Metropolitan Police. That its execution be not commenced until the further order of the board. This order was made without notice to, or a hearing on the part of, the plaintiff. The law, however, authorizes a reconsideration of the subject, on his application, within three days after the service of the notice.

Sometime after this the board passed another ordinance declaring that the slaughtering of animals should not be permitted or conducted after the 15th of June, 1867, at any place in the city of New York south of 42d street ; nor at any place north of that street, nor in the city of Brooklyn, without a special written permit from the board of health.

It is conceded that the ordinance forbidding the slaughtering of animals, and the order condemning the premises of the plaintiff as a nuisance, &c. are about to be put in force, and the effect will be to prevent the business of slaughtering, heretofore carried on there by the plaintiff, from being continued.

The evidence largely preponderates that the premises are well sewered, and the business of slaughtering is conducted there by the plaintiff with the greatest care and cleanliness that it is capable of, and that it is not, in this case, in fact a nuisance ; and nearly all of the neighbors of the plaintiff,

for a considerable distance, have united in declaring, in writing that the premises are not offensive, annoying or prejudicial to health, and in requesting the board of health not to interfere with the plaintiff in the prosecution of his business.

The evidence, also, abundantly proves as a fact, that the slaughtering of animals can be so regulated and conducted as not to be in any case a nuisance, or prejudicial to the public health ; but that, in individual cases, it is often both a nuisance and deleterious. I am inclined to hold, upon the facts only, that the defendants should be restrained from enforcing their authority against the plaintiff in this case as the proprietor of a nuisance, or preventing the continuation of his business, under proper sanitary regulations.

The board of health are clearly exceeding any authority conferred upon them by the laws, when they attempt to declare any thing to be a nuisance which is not such by the common law. The act under which they proceed so limits them. (*Sess. L. of* 1867, *ch.* 956, § 6, *p.* 39, *of pamphlet.*) They have gone beyond this latitude of authority, and have assumed to declare the plaintiff's premises and business to be a nuisance, in the face of evidence clearly indicating the contrary conclusion. It is said by Judge Daly, in the case of *Cooper* v. *Schultz,* that the business of slaughtering is not, at common law, a nuisance. And in this he is sufficiently fortified by authority.

The business of slaughtering has, at all times heretofore, been carried on in the city of New York, since the earliest period of its history. If the ordinances above referred to are binding upon its citizens, then that business, heretofore lawfully exercised, restrained only by regulations conducive to the public health, must be terminated, within the populous portions of the city. The ordinances are not directed to the regulation of a customary occupation, or to the mere cleansing of premises where the slaughtering of animals is carried on, nor to the temporary closing of such places until they are purified, which would be lawful as a police regulation, but

to the entire suppression of the business. The business of brewing malt liquors, and of distilling spirituous liquors, may be conducted so negligently as to be injurious to the public health, from foul and unwholesome exhalations. Many other business pursuits carried on lawfully within the populous limits of the city, may by neglect become an injury to the public health, and a nuisance. The wealth and prosperity of the city arises very considerably from pursuits of this and a similar character, in which our citizens have, as in other cities, lawfully engaged. The preservation of the public health requires, and the law has long sanctioned certain ordinances, for the regulation and purification of premises so occupied. The power to adopt such ordinances formerly belonged to the common council of the city, but it is now conferred upon the Metropolitan Board of Health. The power to suppress other occupations, is no more difficult than the suppression of slaughtering. The importance and extent of the power claimed to be exercised by the defendants, is indicated by the foregoing references. While the inspection and regulation of pursuits in a large city, which are liable to become injurious to the public health and safety, are within the police powers, lawfully delegated to, and exercised by, local and municipal corporations, the power to suppress such pursuits, when they have been immemorially exercised, is wholly beyond and above the police powers, and extends into the domain of legislative function. The power exercised by the defendants, reaches, in its possible consequences, to a revolution in the customary occupations and pursuits within the city limits, of a large number of its citizens, and to the value of property invested in such pursuits. Fortunately we are not left to the consideration of this subject as a question entirely new.

The power to pass ordinances regulating the licensing of coaches, &c. was conferred by the legislature of 1867, upon the Board of Metropolitan Police, which is composed of commissioners appointed, like the Metropolitan Board of Health,

by the governor.   The validity of that law was attacked by Mayor Hoffman, in an action against the board of police, in this court, where it was held by the general term, that the legislature could not confer authority upon persons appointed by the governor, to legislate for a municipality or local district, and that the law under which the board of police commissioners exercised the power of granting or refusing licenses to hackmen, &c. was void ; that the power of local legislation may be conferred upon municipal corporations or officers ; but those upon whom the power is conferred, must hold their offices from the people of the municipality or district, or by appointment from officers elected by such municipality or district.   The case is now reported, (*The People* v. *The Board of Metropolitan Police,* 33 *How. Pr.* 52 ; 48 *Barb.* 524,) and has since been affirmed by the Court of Appeals.   Such is the clear effect of the provisions of the constitution.   The Metropolitan Board of Health, the defendants in this action, hold office by the appointment of the governor, and are not elected by the people of the city of New York, nor appointed by any power so elected.   They are not officers holding from a source permitting the exercise of local legislation to be conferred on them.   The opinions of Justices INGRAHAM and J. C. SMITH in the case referred to, since affirmed by the Court of Appeals, are clear upon this question, and cover the whole ground.   The defendants should be restrained from enforcing the ordinance referred to against the plaintiff, and, until the hearing and disposition of this case, from interfering with his business, except for police inspection and regulation, with $10 costs.

[NEW YORK GENERAL TERM, June 3, 1867.   *Leonard, Clerke* and *Welles,* Justices.]