THE PRESIDENT AND TRUSTEES OF THE VILLAGE OF WAUPUN
vs. MOORE.

INJUNCTION.    *To enforce a village ordinance.*
MUNICIPAL CORPORATIONS.    *By-laws and ordinances; validity, how enforced.*
NUISANCE.

1. Equity will not enforce by *injunction* a village ordinance forbidding an act which is not a nuisance *per se.*
2. A village ordinance declares it unlawful to erect wooden buildings within certain limits, and imposes a penalty for so doing. *Held,* that the act prohibited is *not a nuisance,* and will not be restrained by injunction.
3. The fact that, by the terms of the ordinance, it is made the duty of the president and trustees to cause any person about to violate the same, to be restrained by injunction, does not alter the rule, nor enlarge the jurisdiction of a court of equity.
4. Whether the trustees had power under the charter to establish the ordinance, and whether, if the action could be maintained at all, it could properly be brought by the president and trustees, not determined.

APPEAL from the Circuit Court for *Fond du Lac* County. An ordinance of the village of Waupun prohibits the erection of wooden buildings within certain specified limits therein, and imposes a penalty of fifty dollars for a violation thereof. It also provides that it shall be the duty of the president and trustees of the village, or either of them, to cause any person who is about to violate the same "to be restrained by injunction before a court having competent jurisdiction." This action was brought to restrain the defendant from erecting a wooden building within the prohibited limits; and a preliminary injunction to that effect was granted by the circuit judge. A motion to dissolve such injunction was afterwards made and denied; and the defendant appealed from the order denying the same.

*Eli Hooker,* for appellant, with *Gillet & Taylor,* of counsel:

1. The village ordinance upon which this action is founded, is not authorized by any provision of the charter.    2. The

charter (Pr. Laws of 1857, ch. 277, sec. 23, and P. & L. Laws of 1871, ch. 381, sec. 21) provides for enforcing its by-laws, etc., by suitable penalties; and in so far as the ordinance in question undertakes to direct an enforcement of its provisions by suit in equity, it is unauthorized and void. *Cotter v. Doty*, 5 Ohio, 395; *Phillips v. Allen*, 41 Pa. St., 481; *White v. Tallman*, 2 Dutch., 67; *Grand Rapids v. Hughes*, 15 Mich., 54; *Chicago v. Quimby*, 38 Ill., 274; *Brady v. The Northwestern Ins. Co.*, 11 Mich., 451; *Stewart v. Commonwealth*, 10 Watts, 307.　3. Admitting the power in the president and trustees under the charter to establish fire limits, if reasonable as a "measure of prudence for the prevention of fires," the complaint does not even show that it was at this time such a measure. Whether the ordinance is a reasonable one under the circumstances is a question of law for the court.　7 Paige, 261; 12 Pa. St., 318; 5 Cow., 462; 24 Wis., 544; 30 id., 316.　4. Where the act sought to be restrained would not amount to a *legal nuisance*, a court of equity will not interfere to enforce either the penal laws of the state or the by-laws of a corporation. *Mayor, etc., of Hudson v. Thorne*, 7 Paige, 261; *Wreford v. People*, 14 Mich., 41; *Pieri v. Shieldsboro*, 42 Miss., 493.　5. If the erection of the building by defendant was a nuisance, it was a public and not a private one.　The only remedy for the abatement of a public nuisance is by indictment, and a person not specially injured by its construction can not maintain an action for damages, or for an injunction to prevent its erection. *Walker v. Shepardson*, 2 Wis., 384; 4 id., 486; *Carpenter v. Mann*, 17 id., 155; *Rowe v. Bridge Co.*, 21 Pick., 344; *Milhau v. Sharp*, 27 N. Y., 611; *Doolittle v. Supervisors*, 18 id., 155.　The president and trustees of the village have, as such, no title to any property in the village likely to be imperiled by the erection of defendant's building, and therefore cannot enjoin him from erecting it, even if it be a nuisance, whether public or private. *City of Milwaukee v. M. & B. R. R. Co.*, 7 Wis., 85; *Town of*

The President and Trustees of the Village of Waupun vs. Moore.

*Sheboygan v. S. & F. du Lac R. R. Co.*, 21 id., 667; *Cornell v. Turnp. Co.*, 25 Wend., 365.

*Ed. S. Bragg*, for respondent, after arguing the validity of the ordinance sought to be enforced, cited in support of the remedy by injunction, *Wadleigh v. Gilman*, 12 Me., 403; *Brady v. Ins. Co.*, 11 Mich., 425; *Vanderbilt v. Adams*, 7 Cow., 352, per Woodworth, J.; 97 Mass., 221; 12 Pick., 193; 15 N. Y., 502. The case of *Mayor, etc., of Hudson v. Thorne*, 7 Paige, 261, he contended, is not conclusive upon this point, the question there involved and upon which the case was decided having been that of the validity of the ordinance, and not that of the right to the remedy by injunction (Cooley's Con. Lim., 201, note 3); otherwise, it was contrary to the weight of authority.

Lyon, J.  The jurisdiction of courts of equity, in proper cases, to restrain the erection or maintenance of nuisances, public or private, is undoubted.  But the defendant was not about to erect a nuisance.  If it is unlawful for him to erect the building in question, it is made so by the ordinance alone.  Without the ordinance, no one can successfully dispute his right to do so.  The question is, therefore, Will a court of equity enjoin an act which would otherwise be lawful, but which is made unlawful by a village ordinance or by-law?

We find the principle stated in several very respectable authorities, that equity will not lend its aid to enforce by injunction the by-laws or ordinances of a municipal corporation, restraining an act, unless the act is shown to be a nuisance *per se*. High on Injunctions, § 788; *Mayor, etc., of Hudson v. Thorne*, 7 Paige, 261; *Phillips v. Allen*, 44 Pa. St., 481; Eden on Injunctions, 160; *Schuster v. Metropolitan Board of Health*, 49 Barb., 450; Grant on Corporations, 84 (78 Law Library, 94).

None of the cases to which we have been referred by the counsel for the plaintiffs holds that an injunction can properly issue under such circumstances, and we have been unable to

find a case holding that doctrine. To hold that an injunction can properly issue in this case, would be to overturn all of the authorities on the subject, and to interpolate into the law a new rule or principle of equity jurisprudence. This we have no right or authority to do. We may not make the law, but only declare it as we find it. We must hold, therefore, that, under the averments of the complaint, no injunction can properly be issued to restrain the defendant from proceeding with the erection of his building, and that the village authorities can only resort to their legal remedies in that behalf. The provision in the ordinance directing the board to proceed by injunction in such cases, cannot operate to extend the jurisdiction of a court of equity. We do not decide whether the village board. had power, under the village charter, to pass the ordinance in question, but have disposed of the case on the hypothesis that the charter confers such power on the board. Neither do we decide whether, in case the action could be maintained, it was properly brought by the president and trustees of the village.

The order denying the motion to dissolve the injunction must be reversed, and the cause remanded for further proceedings according to law.

*By the Court.*— So ordered.