MARVIN SAFE COMPANY, APPELLANT, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, RESPONDENT.

WILLIAM M. POWNALL, APPELLANT, *v.* THE SAME.

*Action to restrain the enforcement of a city ordinance — when the invalidity of the ordinance must have been first established in an action at law.*

This action was brought to restrain the enforcement against the plaintiff, a manufacturer of and dealer in safes, of an ordinance of the city of New York forbidding any person from suffering or permitting "any cask, bale, bundle, box, crate, or any other goods, wares or merchandise, or any boards, planks joists or other timber, or anything whatsoever, to be raised from any street, on the outside of any building, into any loft, store or room * * * by means of any rope, pully, tackle or windlass, under the penalty of twenty-five dollars to be recovered by an action of debt from such person," etc.

In the course of the plaintiff's business it was necessary to raise safes on the outside of buildings in a manner which, it was claimed, was prohibited by the ordinance. The plaintiff sought to restrain the enforcement of the ordinance upon the ground that the common council had no power to pass it.

*Held,* that as it did not appear that the invalidity of the ordinance had been established in any action brought against the plaintiff, or that numerous actions to enforce the same against it were then pending, the action could not be maintained.

*Semble,* that the ordinance did not apply to plaintiff's business.

APPEAL from an order made at a Special Term denying a motion to continue an injunction.

*Edward C. Graves,* for the appellant.

*Francis M. Scott,* for the respondent.

DANIELS, J.:

The object of the action was to prevent the enforcement against the plaintiff of section 5 of article 4 of chapter 6 of the Revised Ordinances of 1880. This ordinance provided that "no person or persons in the city of New York, whether agent, owner or employer, shall suffer or permit any cask, bale, bundle, box, crate, or any other goods, wares or merchandise, or any boards, planks, joists, or other timber, or anything whatsoever, to be raised from any street, on the outside of any building, into any loft, store or room, or to be lowered from the same, on the outside of any building, by means of any rope, pulley, tackle or windlass, under the penalty of twenty-five dollars, to be recovered by an action of debt from such person, agent, owner or employer."

The plaintiff has been and still is engaged in the manufacture and delivery of safes. In the course of that business, it is shown to be necessary to raise safes, sold by it, on the outside of buildings when they are to be delivered by it in upper rooms or lofts, and this, it has been urged, was one purpose of the city to prevent, by the enforcement of this ordinance.

To prevent its enforcement and avoid all interference, in that manner, with the business of the plaintiff, this action was commenced, in which the relief demanded was that the defendant should be restrained from enforcing the ordinance, as an improper or unconstitutional exercise of the authority vested in the common council or board of aldermen of this city. No action for the recovery of the penalty provided for by the ordinance has been tried and determined in the plaintiff's favor, on the ground alleged as the foundation of the action. And it is not very probable that any such suit can be maintained for the reason that the ordinance does not seem to include the delivery or hoisting of safes. For by its own language it has been restricted to any cask, bale, bundle, box, crate or other goods, wares or merchandise, boards, planks, joists or other timber, or anything whatsoever, neither of which includes the delivery of safes, unless it be the last phrase made use of. But that should probably be understood as referring to any other thing of the

kind previously enumerated. But the ordinance not having been held by any court in any proceeding at law to have been an unauthorized exercise of municipal authority on the part of the city, until a trial shall take place in which that result may be secured, an action to restrain the enforcement of the ordinance is, under the authorities, premature. If no authority existed to enact the ordinance in the broad and comprehensive terms contained in it, the want of such authority would constitute a legal defense to any action brought for the recovery of the prescribed penalty. Complete relief to that extent would be secured by making a defense to an action of that description, and if the plaintiff should succeed in maintaining the defense, then further prosecutions under the ordinance might be prevented by means of an action of this description. But until such a defense has been successfully made to an action brought for the recovery of the penalty, no such suit as this is can be maintained. (*Eldridge* v. *Hill*, 2 Johns. Ch., 281 ; *West* v. *Mayor, etc.*, 10 Paige, 539 ; *Wallack* v. *Society, etc.*, 67 N. Y., 23.)

The cases of *Crevier* v. *Mayor, etc.* (12 Abb. [N. S.], 340) ; *Schuster* v. *Metropolitan Board of Health* (49 Barb., 450), and *Third Avenue Railroad Co.* v. *Mayor* (54 N. Y., 159) have been relied upon by the counsel for the plaintiff in support of the right to maintain this action. But when properly considered they afford no countenance to that theory. The first of these cases was of an entirely different character from the controversy now presented, while in that of *Schuster* v. *The Board of Health*, the injunction was maintained upon the sole ground that by the enforcement of the unauthorized ordinance or regulation of the board of health, the entire business of the plaintiff would be broken up and subverted. But such would not be the effect of the enforcement of this ordinance upon the right of the plaintiff to manufacture safes and deliver them to all its purchasers, except those included within the scope of the ordinance, if in fact it includes that business at all.

The regular course to be followed in a case of this nature, where an ordinance of the city is to be resisted on account of the want of power to enact it, was indicated and defined in the *Third Avenue Railroad Co.* v. *The Mayor* (*supra*), and that is where a multiplicity of suits may be prosecuted, or threatened, and the right to main-

tain them is plausibly denied, to restrain the prosecution by injunc tion of every suit but one, and to allow that one to proceed to trial and final determination for the purpose of testing the authority upon which the actions are legally dependent. The decision in that case supplies no authority for extending an injunction beyond these limits, and accordingly in no manner warrants the prosecution of an action of this description. The actions which have been tried have been finally determined in the plaintiff's favor without impeaching the validity of the ordinance itself, and if others should be commenced to enforce the ordinance, then under the authority of this last case an action of this description might very well be maintained to restrain the prosecution of all but one, and leaving that one to proceed to a final and ultimate determination, for the purpose of settling the controverted authority of the city to enact the ordinance.

The appeal now before the court cannot be sustained, but the order from which it has been taken, as well as a like order in the case of *William M. Pownal* v. *The Mayor*, should be affirmed, with the costs of one appeal and the disbursements in both.

BRADY, J., concurred; DAVIS, P. J., not sitting.

Orders affirmed, with ten dollars costs of one appeal and the disbursements of both.