# The City of Philadelphia *v.* John C. Lyster, Appellant.

*Municipal ordinances—Nuisance—Equity—Injunction.*

Equity will not lend its aid to enforce by injunction the by-laws or ordinances of a municipal corporation restraining a certain act, unless the act is shown to be a nuisance per se.

The mere fact that a certain thing is prohibited by ordinance, does not render it a nuisance per se, if it be not otherwise such, so as to authorize an individual, or the city itself, to have it enjoined.

*Board of health—Removal of garbage—Nuisance.*

While the board of health has discretionary power to declare the keeping of garbage, offal and refuse matter upon the streets, alleys and the premises of individuals a nuisance, that discretion is not sufficiently far reaching to declare the act of a private contractor in removing the garbage to be a nuisance, when he has adopted the precise means for the purpose prescribed by the ordinance of the city.

*Public officers—Power of board of health as to declaration of nuisances.*

The board of health of Philadelphia, in the exercise of the extraordinary powers vested in it, does not have the power to declare a given act to be a nuisance in fact and in law. Such power has not as yet been delegated to the said board.

Argued, Dec. 18, 1896. Appeal, No. 158, Nov. T., 1896, by defendant, from decree of C. P. No. 4, Phila. Co., Dec. T., 1895, No. 1074, awarding special injunction until further order from the court. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Bill in equity to restrain collection of garbage. Before THAYER, P. J.

An abstract of the bill and answer disclosed the following conditions :

COPY OF ORDINANCE.

Section 1. That after the passage of this ordinance, it shall not be lawful for any person or persons, other than contractors with the city, to collect kitchen garbage or offal, without first having obtained a permit from the board of' health; or for any person or persons to convey kitchen garbage or offal in any of the streets of the city, excepting in metal carts water-tight and securely covered, so that none of the contents shall fall, leak or spill therefrom or be exposed to view.

Sec. 2. Any person or persons violating any of the provisions of this ordinance, shall be liable to arrest, and incur a fine of five (5) dollars for each offense committed, collectible by any magistrate of the city.

All ordinances or parts of ordinances inconsistent herewith be, and the same are hereby repealed.

Paragraph 2 alleged that the board of health had officially determined that the disposition of garbage by feeding it to hogs or by spreading it on land either in Philadelphia or the adjoining counties was a nuisance, and prejudicial to health of the citizens of Philadelphia. It also alleged the reason of this finding to be the extreme probability that the pigs thus fed whose meat they deemed unwholesome would be sold to said citizens. Also that the board had made efforts to stop both of the things complained of, and deemed it important that garbage be disposed of by cremation, or incineration. Also that plants for incineration and utilization after incineration of garbage were erected in the city, and in the opinion of the board provided a method of disposing of garbage not attended with discomfort to citizens or injury to the public health.

Paragraph 3 alleged that specifications had been prepared for inter alia the removal of kitchen garbage and offal, and set them out at length.

Paragraph 4 alleged that proposals were made under these specifications, and accepted, by means of which all garbage must be collected and disposed of in such manner as to prevent any nuisance arising from spreading it on lands in or adjacent to Philadelphia or feeding it to hogs kept in Philadelphia.

Paragraph 5 alleged that by reason of these contracts the city was enabled to have its garbage disposed of without prejudice to health; that contractors would not be willing to make these contracts unless they had the exclusive power to collect.

Paragraph 6 alleged that the board of health had determined to grant no permits to persons other than contractors, and that no permits are granted by said board.

Paragraph 7 alleged that the defendant collected garbage without a permit, and fed it to pigs in Delaware county. That disagreeable odors from his piggeries reach Philadelphia. That the pigs, when fed, will probably be sold in the city, and that the meat thus sold of the pigs thus fed, in the opinion of the board of health, is unwholesome.

Paragraph 8 alleged that the defendant collected garbage in the city and hauls it through the streets to the prejudice of the public health.

Paragraph 9 is a recapitulation of certain other allegations of the bill.

The prayers are for an injunction to prevent defendant from (*a*) collecting garbage in the city; (*b*) carrying it through the streets; (*c*) feeding the garbage to hogs or spreading it upon lands in the city of Philadelphia or adjoining the city; and (*d*) general relief.

The answer admitted the ordinance and prayed for proof of the official determination of the board of health, of the specifications, proposals and contracts, and of the erection of plants for the incineration of garbage.

It denied the right of the board of health to determine the question as alleged in the bill; it denied that the acts complained of were a nuisance or prejudicial to public health; it denied that the incinerating plants were efficient means of disposing of garbage; it denied that the city could not make advantageous contracts if permits were granted to private parties.

It alleged that the incinerating plants were themselves nuisances; that the city, at some of its institutions, was feeding garbage to pigs.

It admitted that defendant was collecting garbage without a permit; that he hauled the garbage which he collected in the sort of wagon provided by the ordinance, to his farm in Delaware county, and there fed it to pigs. It alleged that defendant had asked the court to award a mandamus to the board of health to issue a permit, which proceedings were pending of the same term and number as this case.

It denied expressly that anything the defendant was charged with doing was a nuisance or prejudicial to public health.

It alleged that the hotel keepers and restaurant keepers in the city had asked to have their garbage collected by private collectors, as this was the most efficient method, and caused the least detriment to public health.

It alleged that defendant was a responsible person.

It denied that plaintiff had any standing in a court of equity for the enforcement of a municipal ordinance.

The following verbal opinion was delivered by THAYER, P. J.:

The court is of the opinion that the city had the lawful right to pass this ordinance, and to delegate to the board of health the discretion which was given in regard to licensing or refusing to license people to carry on a business affecting the public health. The court considers that it is a lawful ordinance, and one entirely within the scope of the powers conferred upon the city. It is plain, from the evidence, that the defendant is about to carry on this business without the permit which the ordinance renders indispensable, and he ought to be enjoined from doing so.

Preliminary injunction granted.

Defendant can proceed before referee hereafter, if he so desires.

The court made the following decree, viz:

[And now, to wit, 17th day of October, A. D. 1896, the above case coming on to be heard on bill and admission in answer, the court ordered and decreed that a special injunction issue restraining John C. Lyster or his agents or employees from collecting kitchen garbage and offal within the limits of the city of Philadelphia, without a permit from the board of health, until further order of the court.] [1]

*Errors assigned* were (1) in making decree, reciting same; (2) in not dismissing plaintiff's bill.

*Lewis Lawrence Smith* and *George Tucker Bispham*, with them *Charles Henry Jones*, for appellant.—It is conceded that the city of Philadelphia has the usual police powers incident to a large city to pass ordinances for the public health and the abatement of nuisances. The power to abate anything that is a nuisance is, however, based on the fact that the thing is a nuisance: Dillon on Municipal Corporations, sec. 376; Wood on Nuisances, sec. 744; Yates v. Milwaukee, 10 Wallace, 497; Butchers Union Co. v. Crescent City Co., 111 U. S. 757.

The board of health may regulate the collection of garbage, as it may any business (and as was done in People v. Gordon, 81 Mich. 306,) but it may not directly or indirectly prohibit it unless prepared to prove that it is a nuisance, and then it must pursue its common law remedies or prohibit it to all alike. Such

action is in violation of the fourteenth amendment of the constitution of the United States.

But where acts or things are not nuisances per se they must be lawfully ascertained to be such, as was held in Denver v. Mullen, 7 Colo. 356, 357.

The city is not entitled to an injunction to restrain the violation of a city ordinance unless the act be a nuisance per se. The remedy is fixed by the ordinance itself: High on Injunctions, 3d ed. § 1248; 10 Am. & Eng. Ency. of Law, p. 965; Phillips v. Allen, 41 Pa. 481; Honesdale Borough v. Weaver, 2 Dist. Rep. 344; Wood v. McGrath, 150 Pa. 451.

*James Alcorn*, assistant city solicitor, and *John G. Johnson*, with them *Charles E. Perkins* and *John L. Kinsey*, city solicitor, for appellee.—The legislature is invested with full power to legislate for the protection of the public health: Powell v. Com., 114 Pa. 293; Thorpe v. Railroad, 27 Vt. 149.

An ordinance to regulate the removal of kitchen garbage, sweepings, etc., is within the delegated police powers vested in the municipality of Philadelphia: Dillon on Municipal Corporations, sec. 211; Water Works Co. v. Water Works Co., 14 Fed. Rep. 194; State v. Payssan, 47 La. Ann. 1029; Peoria v. Calhoun, 29 Ill. 317; St. Paul v. Colter, 12 Minn. 41; State v. Orr, 35 Atl. Rep. 770.

The prevention of nuisances is quite as important as their abatement: Raymond v. Fish, 51 Conn. 80, 96; Vandine, Petitioner, 6 Pick. 187.

The city is entitled to an injunction restraining the appellant from collecting garbage, because it has no adequate remedy at law: Beach on Injunctions, p. 1052; Scranton v. Oil Co., 5 Lan. Law Review, 277.

*George Tucker Bispham* in reply.—" When the board of health have determined that a thing is a nuisance, the decision is final, and the thing becomes a nuisance by reason of that decision."

The only case cited in support of the proposition is Kennedy v. Board of Health, 2 Pa. 366.

The issue of nuisance was thus admitted. The court's interpretation of the Slaughter-house Cases, 16 Wall, 36 is a mistaken one. That case, and the later case of Butchers' Union

Co. v. Crescent City Co., 111 U. S. 757, do not establish any such doctrine as that stated on page 771.

To the list of authorities cited in appellant's paper-book should be added Sellers v. R. R. Co., 10 Phila. 319.

OPINION BY WILLARD, J., February 16, 1897:

Without any effort to enforce its ordinance, and in the absence of any evidence that even an attempt has been made to enforce it against the defendant, the appellee contends that its provisions are not adequate to accomplish the object intended. If so, the legislative branch of its government, in our opinion, is clothed with ample power to provide the necessary remedy, and to that branch of the city government the argument should be addressed.    It is well established that "Equity will not lend its aid to enforce by injunction the by-laws or ordinances of a municipal corporation restraining a certain act, unless the act is shown to be a nuisance per se:" High on Injunctions, par. 1248.    "The mere fact that a certain thing is prohibited by ordinance, does not render it a nuisance, if it be not otherwise such, so as to authorize an individual, or even the city itself, to have it enjoined:" Spelling on Extraordinary Relief, par. 399.

The rule laid down in High on Injunctions, supra, is fully sustained in Manchester v. Smythe, (N. H. 1887), 18 Am. & Eng. Corporation Cases, 474; Wason v. Sanborn, 45 N. H. 169; Perkins v. Foye, 60 N. H. 496; Waupun v. Moore, 34 Wis. 450; Village of Pine City v. Munch, 42 Minn. 342; Lawyer's Reports Annotated, vol. 6, p. 763; Village of St. Johns v. McFarlan, 33 Mich. 72.

We do not wish to be understood as deciding in this case that the ordinance and regulations of the city of Philadelphia are not reasonable and valid enactments.    In Vandine's Case, 6 Pick. 187, under a state of facts strikingly similar to those in this case, in a proceeding in the municipal court under the provisions of an ordinance of the city of Boston in nearly the precise language of the ordinance before us, the ordinance was sustained and the judgment of the municipal court affirmed. We are of the opinion that the extraordinary powers claimed by the board of health have been misapprehended as applied to this case; in other words, the power to declare this appellant's

481

acts as nuisances in fact and in law has not yet been delegated by the legislature to the said board of health. We are further of the opinion that the remedy for the unlawful acts alleged rests with the legislative branch of the city government, and if an adequate remedy has not been provided, that fact will not give a court of equity jurisdiction to supply the defect in the ordinance by injunction in the absence of proof of an honest effort to enforce its provisions and its inadequacy demonstrated.

It must be observed in this case that the nuisance is alleged to consist in the dumping of garbage, offal and refuse matter, and the effect thereof. This is the root of the evil, and large discretion pertaining to the same is vested in the board of health, and while the board has the discretionary power to declare the keeping of garbage, offal and refuse matter upon the streets, alleys and the premises of individuals a nuisance, that discretion is not sufficiently far reaching to declare the acts done by the appellant in removing the garbage to be a nuisance, when he has adopted the precise means for that purpose prescribed by the ordinance of the city.

The decree appealed from is based upon the fact of the violation of the ordinance by the defendant in collecting kitchen garbage and offal in Philadelphia without a permit from the board of health. We have not discussed all the questions raised, but have sufficiently indicated our reasons for reversing the decree.

The second assignment of error is sustained, the decree of the court below of October 17, 1896, is reversed, and the injunction dissolved at the cost of the appellee.