The Springfield Ry. Co. v. The City of Springfield.

THE SPRINGFIELD RAILWAY COMPANY, *Appellant,* v. THE CITY OF SPRINGFIELD *et al.*

1. **Municipal Corporations:** CONTRACTS BY: INVIOLABILITY OF. Where a city, by its ordinance, makes a contract, and the same is accepted and acted on by the other party, it cannot abrogate such contract at pleasure, or destroy the rights so given and acquired.

2. ———: ORDINANCES, VALIDITY OF. While a city council may pass such ordinances as may to it seem best, yet it is for the courts to determine their validity.

3. **Contract, Breach of:** EQUITY. Where the damages arising from a breach of contract are not capable of fair estimation, and are such as cannot be fully compensated by an action at law, equity will interfere to restrain such breach.

4. **Equity:** FRANCHISE. Equity will interfere to protect and secure the enjoyment of a franchise given by statute, because it affords the only plain and adequate remedy for the wrong.

5. ———: ———. Equity will protect rights of a like character acquired under city ordinances.

6. **Municipal Corporations:** RAILWAYS, REGULATION OF. A city council, by granting to a railway company the privilege of constructing its road over its streets and public squares, does not lose the right to subject the company to reasonable regulations, both in the conduct of its business, and in the location of its track over the places authorized by its ordinance.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

REVERSED.

*John O'Day* for appellant.

(1) The ordinance of the city of Springfield, when accepted by the appellant, became a contract, binding upon the municipality. *Milhan v. Sharp,* 27 N. Y. 620;

*City of Quincy v. Bull*, 106 Ill. 337; 1 Potter on Corporations, secs. 376, 395; *Bailey v. Mayor*, 3 Hill, 530; *Lloyd v. Mayor*, 5 N. Y. 375; *Indianapolis v. Gas Company*, 66 Ind. 406; *Burlington v. Burlington Street Ry. Co.* 49 Ia. 144; *Mayor v. Railroad*, 32 N. Y. 261. "Upon the acceptance of the provisions of the ordinance it became a contract between two parties binding each to the observance of all of its provisions." *Milhan v. Sharp, supra.* "We see no more involved here than the simple law of contract, whether a municipality may at its will repudiate the obligations of a contract which it has made." *Quincy v. Bull, supra.* (2) The appellant had the right to select any route through the public square which it deemed best, in its discretion, and when selected and its railway constructed thereon, its right to such right of way became vested, and the city could not arbitrarily interfere therewith. *Struthers v. Railway*, 87 Pa. St. 282; *Parke's Appeal*, 64 Pa. St. 137; *People v. Railway*, 74 N. Y. 302; Rorer on Railroads, 278; *Hogancamp v. Railway*, 17 N. J. 84. (3) The appellant had a property in the street, a franchise of value, and was entitled to its peaceable enjoyment. *Chicago v. Baer*, 41 Ill. 306. (4) Where a party claims a franchise under grant, and is in possession of such franchise, equity will interpose to protect and secure the enjoyment of such franchise. *Railroad Company v. Railroad Company*, 69 Mo. 72; *Water Power Co. v. Railroad Co.*, 16 Pick. 525; *Turnpike Co. v. Miller*, 5 Johns. Ch. 101; *Railroad Co. v. Tunnel Co.*, 10 C. E. Green, 384; *Gurney v. Ford*, 2 Allen, 576; *Denver v. Mullen*, 4 A. & E. Ry. Cases, 304; *Railroad Co. v. Screven*, 45 Ga. 613; Rorer on Railroads, 512; Dillon on Municipal Cor. (2 Ed.) sec. 512. (5) The threatened acts could not be justified on the pretense that they were to be done in the exercise of the city's police power, or control over its streets, for these powers only

regulate, they do not impair. Cooley's Const. Lim. (1 Ed.) 577. (6) No rule of right is better settled than that, for the protection of rights granted under contract or legislative grant, equity will lend its aid as the only plain and adequate remedy. *Street Railroad Co. v. Street Railroad Co.*, 69 Mo. 68.

No brief for respondent.

BLACK, J.—The demurrer, which was sustained, assigns many reasons why the petition should be held insufficient. Clearly there is nothing in most of them. The cause, thus far, it would seem, has been made to turn upon the third assignment, which is, that a court of equity has no jurisdiction to interfere with or control the judgment and discretion of municipal bodies. The city of Springfield, by ordinance, gave to appellant the right to construct, maintain, and operate a street railroad on certain designated streets and the public square for twenty years. Pursuant to this authority the appellant constructed and put in operation the road at considerable cost. The city threatened, and was about to fence up, with an iron fence, a part of the square, including the part on which the road was located; and, it is alleged, thereby disconnect a part of the road, cut it off from the main line, destroy its usefulness and injure the main line as well.

The ordinance, when accepted, and certainly when acted upon, takes on many of the elements of a contract. It is not within the power of the city to abrogate the contract at pleasure, nor to destroy the rights thus given and acquired. It can no more do this than can an individual. 1 Potter on Corp., sec. 376. The discretionary powers delegated to the city council will not be interfered with by the courts. The council may exercise its judgment and discretion, and in doing so pass such ordinances as may seem best, but of the validity of these

The Springfield Ry. Co. v. The City of Springfield.

ordinances when passed, the courts will judge. It becomes their duty to do so. Here we have to deal with a contract between the appellant on the one hand and the city on the other. Some reason must be assigned to justify a resort to a court of equity in case of a threatened breach of contract, or the disregard of a contract duty or the invasion of rights acquired thereunder. That the appellant will be damaged by the disconnection of portions of its road is clearly enough alleged. It is very clear that the damages are such as cannot be fully compensated by any action at law. They are scarcely capable of any fair estimation. This is sufficient to give the court jurisdiction. Equity will interfere to protect and secure the enjoyment of a franchise secured by statute, because it affords the only plain and adequate remedy. *Boston Water Power Co: v. Boston & Worcester Ry. Co.*, 16 Pick. 525 ; *Newburg Turnpike Co. v. Miller*, 5 John. Ch. R. 101 ; *The St. Louis Ry. Co. v. N. W. St. Louis Ry.*, 69 Mo. 66. And so equity will protect rights of a like character acquired under municipal ordinances. *The City of Quincy v. Bull et al.*, 106 Ill. 337 ; Dillon Mun. Corp. (2 Ed.) sec. 728, note 1.

The court had jurisdiction to hear and determine the matter presented by the petition, and we think the petition states sufficient facts to call for an answer. It will not be understood from what has been said that the city council, by granting the right to appellant to construct the road, yielded up its power and authority over the street or public square. The appellant is still subject to the reasonable regulations that may be prescribed by the city council, both in the conduct of its business and location of its track at and over the streets and places mentioned in the ordinance. To the end that the demurrer may be overruled and the cause proceeded with, the judgment is reversed and the cause remanded. All concur.