FANNIE G. RICE *et al.*, Respondents, v. CHARLES JEFFERSON, Appellant.

Kansas City Court of Appeals, May 30, and June 13, 1892.

1. **Injunction**: VIOLATION OF CITY ORDINANCE: NUISANCE: RIGHT TO JURY. Equity has jurisdiction to prevent the erection and maintenance of nuisances, but they should be nuisances *per se,* and the jurisdiction does not extend to enjoining structures which are merely prohibited by municipal regulation; so a court will not enjoin the erection of a frame building within the fire limits of a city, since there is, besides, ample remedy in the police courts and other courts of law, where the defendant will not be deprived of right to a jury.

Rice v. Jefferson.

ON MOTION FOR REHEARING.

2. ————: PROPERTY RIGHT IN POLICE REGULATION: CONTRACT. An individual has no property right in a police regulation like the one in this case, which a court of equity has jurisdiction to enforce; and especially, when the subject of municipal prohibition is not a nuisance *per se.* Cases where an injunction has been awarded contain some contractual relation or element authorizing it.

3. ————: MUNICIPALITY ENFORCING PUBLIC DUTY: EXCEPTION. Even if a municipality may resort to a court of equity in enforcing public duty, this seems to be an encroachment on the well-established rule denying to such courts the power to restrain violations of ordinances; and no private individual can successfully invoke such courts for such a purpose.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

REVERSED.

*Boland & O'Grady* and *Geo. N. Elliott,* for appellant.

(1) The erection of a wooden building within the fire limits is an offense created alone by ordinance of the city. For a violation of such ordinance the offender is liable only to the city, and in the manner and to the extent prescribed by the ordinance. *Warren v. Cavanaugh,* 33 Mo. App. 102; *Moore v. White,* 45 Mo. 206; *Hottinger v. New Orleans,* 8 S. Rep. 575; *Reed v. Railroad,* 33 Cal. 217; *Willis v. Yale,* 1 Metc. 553. (2) A court of equity will not restrain by injunction the threatened violation of a city ordinance regulating the erection of buildings for the purpose of greater security against damage by fire. *Warren v. Cavanaugh,* 33 Mo. App. 102; 15 American & English Encyclopedia of Law, 1172; *Mayor v. Thorne,* 7 Paige (N. Y.) 261; *Waupun v. Moore,* 17 Am. Rep. 446;

VOL. 50—30

*St. John v. McFarlan*, 20 Am. Rep. 671; *Manchester v. Smyth*, 18 Am. & Eng. Corp. Cases, 474; High on Injunction, 788. (3) If the building erected is in violation of the ordinance, the city by its police power can summarily remove the same. The legal remedy is ample in the city. *Baumgartner v. Hasty*, 50 Am. Rep. 832; *Railroad v. Lake View*, 44 Am. Rep. 788.

*Jas. F. Mister*, for respondents.

(1) In this state the power of the court to interfere by injunction is not confined to cases of common-law nuisances, and cases from New York, Louisiana and California where policy is different are neither relevant nor applicable. (2) In this state, when a statute or a valid ordinance of a city guarantees a right or prohibits an act, as a protection of private property, though the invasion of such right would be neither a trespass, nor a common-law nuisance, yet an injunction will lie to prevent such act when threatened; and that, too, without proof of the amount of damages, or that they would be irreparable. *Railroad v. Springfield*, 85 Mo. 676; *Water-Power Co. v. Railroad*, 16 Pick. 525; *Railroad v. Railroad*, 69 Mo. 66; *City of Quincy v. Bull*, 106 Ill. 337; Dillon on Municipal Corporations [2 Ed.] sec. 728, note 1; *Cummings v. St. Louis*, 90 Mo. 259; *Dennison v. City of Kansas*, 95 Mo. 416; *Railroad v. Siefert*, 41 Mo. App. 35; *Railroad v. Owings*, 15 Md. 199; *Chambers v. Railroad*, 69 Ga. 320; *Goldman v. Clark*, 1 Nev. 611. (3) The city's remedy to prosecute, in such a case as this, may be a bar to its seeking a remedy by injunction, but it is no bar to the plaintiffs' right to injunction. For, as in case of remedies to the state, no one but the city or state can put these remedies in motion, and, hence, constitute no bar to relief to owners of private property who suffer

a special injury not borne by the public at large. *Hamilton v. Whitridge*, 11 Md. 145; *Welton v. Martin*, 7 Mo. 309; *Dubach v. Railroad*, 89 Mo. 483; *State v. Shortell*, 93 Mo. 124; *Refining Co. v. Elevator Co.*, 82 Mo. 124; R. S. 1889, sec. 5510; *Carpenter v. Graham*, 59 Mo. 248; *Echelkamp v. Schrader*, 45 Mo. 505; *Weigel v. Welsh*, 45 Mo. 560; *Overall v. Ruenzi*, 67 Mo. 207; R. S. 1889, sec. 5491. (4) There could be no remedy open to a private property-owner if he may not appeal to equity to secure or protect rights conferred by statutes or ordinances, or constitutions for that matter, if the city or state authorities fail to prosecute or abandon it with or without cause. The law is not thus palsied in its arms of justice.

GILL, J.—This is an injunction suit whereby it was sought to restrain defendant Jefferson from erecting a wooden building within the fire limits, as prescribed by an ordinance of Kansas City. Plaintiffs, Rice and Hunt, are owners of real estate within the block. Jefferson justified the erection under a permit issued by the superintendent of buildings, it being provided in the ordinance that, if the owners of two-thirds of the front feet of the block consent, then such permit to construct a wooden building might issue. Plaintiffs alleged that defendant did not have the consent of the necessary two-thirds. Defendant began the construction of his building in April, 1890, and was shortly arrested and prosecuted before the city recorder for an alleged violation of the ordinance. He was tried, found *not guilty*, and discharged. Thereupon plaintiffs applied for this injunction. The court below awarded the relief prayed by the plaintiffs, and defendant appealed.

In view of what seems to be the well-settled law in such cases, I don't see how this injunction suit can be

maintained. Admitting the alleged invalidity of defendant's permit, and that he was constructing a building in violation of the city ordinance, I have yet to find an authority that in such a case a court of equity will interpose the extraordinary remedy by injunction. But, to the contrary, see 1 High on Injunctions, secs. 745, 748; *Trustees v. Moore*, 34 Wis. 450; *Village of St. John v. McFarlan*, 33 Mich. 72; *Mayor v. Thorne*, 7 Paige, 261; *State ex rel. v. Crawford*, 28 Kan. 726; *State v. Uhrig*, 14 Mo. App. 413; *Warren v. Cavanaugh*, 33 Mo. App. 102; *McClosky v. Kreling*, 76 Cal. 511.

Mr. High thus expresses the general doctrine: "Although the jurisdiction of equity to prevent by injunction the erection or maintenance of nuisances is undoubted, the courts are, nevertheless, inclined to limit its exercise to cases of nuisances *per se*, and not to extend the relief to enjoining structures which are merely prohibited by municipal regulation." Sec. 748. Many of the cases denying such relief declare as a reason that it is not the province of equity courts thus to attempt to enforce the criminal law or the penal ordinances of municipalities. The evils and embarrassments attending such a course are manifest. Ordinances, police and otherwise, are framed to cover a great variety of cases, and in nearly every instance prosecution for a violation thereof is provided for by the creation of police courts, etc. Now, if, on every threatened infraction of these municipal regulations, a party may resort to equity and command the injunctive arm of the court, then we have a transfer of trifling misdemeanors, and the court of equity becomes an inferior court of criminal jurisdiction rather than one of the extraordinary powers and rare jurisdiction generally accorded to it.

Again, it is said that, "notwithstanding the well-established jurisdiction of equity to enjoin the erection

of nuisances, and the fact that in some cases the relief is even extended to the abatement of the nuisance, yet the existence of a legal remedy will be held sufficient ground for withholding an injunction. Thus, when a full and complete legal remedy is provided by a statute authorizing courts of law to give judgment of abatement of such nuisances, then a court of equity may refuse to entertain an action to enjoin and abate such nuisance." 1 High on Injunctions, sec. 745. This, of course, is based upon the well-known rule that equity will not interfere in such cases except in the absence of an adequate remedy at law. See, on this point, *State ex rel. v. Crawford (supra)*, 736, and *State v. Uhrig (supra)*.

Now the charter and ordinances of Kansas City provide full and adequate legal remedy for the matter here complained of. If defendant was proceeding, in violation of the city's building ordinances, to erect a wooden building within the prohibited district there was full and complete remedy provided by prosecution before the city recorder or police judge; and the same relief as here applied for was there obtainable. He might have been, as he was, arraigned before the city judge, tried, and if found guilty the court was fully empowered to direct an abatement of the so-called nuisance. It seems, too, that this was the first effort of these plaintiffs; the defendant was tried before the recorder for the offense here charged but found *not guilty*. If there was then dissatisfaction with the result reached, an appeal to the criminal court of Jackson county was open to the prosecution. But this legal remedy was abandoned at this point and recourse sought in a court of equity by injunction. The creation of courts of equity was not to supply simply *additional* courts for the remedy of wrongs, but rather to furnish remedies not to be had in courts of law. If the law courts are empowered to give the same adequate relief, then resort cannot be had

to equity. Besides, if proceedings in this manner should be sustained, then one accused of crime or misdemeanor may be deprived of the constitutional right of trial by jury. As in this case, Jefferson, on the question of his guilt or innocence of the matter charged against him, was entitled to the verdict of a jury, and he was, in the first instance, arraigned and charged in a court where this could be had. But, by this proceeding in equity, a trial of this question was sought to be had before the one judge and not a jury of his peers, to which he was entitled; and as already said that law court was fully empowered to give every relief sought in this equity court.

Entertaining these views it becomes unnecessary to mention other points suggested in briefs of counsel. The judgment of the circuit court will be reversed, with directions to dismiss the bill. All concur.

### ON MOTION FOR REHEARING.

Smith, P. J.—We have examined with much care the grounds upon which plaintiffs challenge the correctness of the ruling announced in the opinion. No authority has been cited nor have we, after considerable research, been able to find any that tends in the least to unsettle the conviction we have expressed. We have looked in vain for an authoritative statement of the law to the effect that a court of chancery will lend its aid by its mandatory injunctive process to enforce at the *suit of a private party* a mere police regulation of a municipal corporation. Nor have we been able to anywhere find the law to be that an individual has any vested or property right conferred by a police regulation like that in this case which a court of equity has jurisdiction to lay hold of and enforce, and especially when the subject of the municipal prohibition is not a nuisance *per se.*

None of the cases cited by the plaintiffs declare any principle with which the conclusion reached in the opinion conflicts in the slightest. These cases are those where the injunction had been awarded to prevent the abrogation or destruction of some right growing out of the contractual relation, or when there were some elements of a contract authorizing the exercise of the jurisdiction (*Railroad v. Railroad*, 85 Mo. 674; *Railroad v. Railroad*, 69 Mo. 65), or those of public nuisance, or where there was a threatened abuse of delegated powers by municipal authorities, or the exercise of unauthorized powers (*Cummings v. St. Louis*, 90 Mo. 259; *Refining Co. v. Electric Co.*, 82 Mo. 122; *Bailey v. Culver*, 84 Mo. 531; *Price v. Thompson*, 48 Mo. 361; *Rutherford v. Taylor*, 38 Mo. 316), or where an illegal tax had been levied (*Rainey v. Bader*, 67 Mo. 476; *Newmeyer v. Railroad*, 52 Mo. 81; *Dennison v. City of Kansas*, 95 Mo. 417; *Book v. Earl*, 87 Mo. 246).

None of these cases present the slightest resemblance to this in fact or in principle. They have no sort of bearing whatever on the case. The distinction between these cases and that to which this belongs is palpable. This case, in its essential features, is exactly like that of *Warren v. Cavanaugh*, 33 Mo. App. 102.

Even if a municipality may resort to a court of equity to aid it in enforcing public duties to preserve the health and property of its inhabitants, in those cases which fall under some recognized head of equity jurisdiction (Dillon on Municipal Corporations, sec. 375, note; *Watertown v. Mayo*, 109 Mass. 305), even this seems to be an encroachment on the well-settled general rule denying to courts of equity the power to restrain the threatened violation of a municipal ordinance unless the act threatened be a nuisance *per se.*

No court has gone to the extent of holding that a private individual may successfully invoke the interposition of a court of equity for that purpose.

For these reasons we are all of the opinion that the motion should be overruled.