AUGUST HEMAN, Appellant v. MOLLIE A. HANDLAN *et al.*, Respondents.

### St. Louis Court of Appeals, November 20, 1894.

1. **Practice, Appellate:** TRIAL AT LAW WITHOUT INSTRUCTIONS. When an action at law is tried without error, and no instructions are asked or given, the judgment of the trial court will be upheld on appeal, if this can be done on any possible theory of law applicable to the facts.

2. **Special Taxes:** PUBLIC SEWER. A special tax bill issued for the construction of a sewer is invalid, if the sewer is constructed in the main for the benefit of the public, and the law under which the tax bill is issued provides that the cost of public as distinguished from district sewers shall be paid out of the general revenue of the municipality.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*T. J. Rowe* for appellant.

*Dickson & Smith* and *H. A. Loevy* for respondents.

ROMBAUER, P. J.—This is an action upon a special tax bill issued against the defendants' property for its proportionate share of the cost of a district sewer built in Vandeventer avenue, sewer district No. 1, in the city of St. Louis. The defenses interposed are that the sewer thus built was a public sewer and not a district sewer, and hence its cost was payable out of the public revenue of the city, and could not be taxed in part against the defendants' property lying within the district; also that the sewer district was abolished before

any work was done under the plaintiff's contract; also, that the ordinances, under which the work is claimed to have been done, were not recommended or approved by the Board of Public Improvements; also, that such parts of the sewer as immediately adjoin the defendants' property were built in a private alley twenty feet wide, which ground had never been conveyed to the city, or condemned to public use. The facts set up in the answer were generally denied by reply.

The cause was tried by the court without the intervention of a jury, the trial resulting in a judgment for defendants. Only one exception was saved to the admission of testimony, and that on an immaterial point. No complaint is made that any testimony was illegally excluded. No instructions were asked by either party, and none were given by the court. The only errors assigned by the plaintiff here are that the court admitted illegal evidence as to the dimensions of the sewer, and that its judgment is against the law and the evidence.

The appellant's main argument in this court consists of a refutation of the positions taken in a brief filed by the defendants in the trial court. The appellant contends that the trial court must have based its conclusion that the plaintiff could not recover, on the propositions advanced in that brief, and that, if those propositions are untenable, the judgment is necessarily erroneous. Such, however, is not the law. When an action at law is tried without error, and no instructions are asked or given, the judgment of the trial court will be upheld on appeal, if it can be sustained on any possible theory of law applicable to the facts. *Gentry v. Templeton*, 47 Mo. App. 55.

The court trying this case without a jury exercised a dual function. It first determined from the facts whether all the surrounding circumstances were such

as to constitute this sewer a public sewer, that is, one built principally for the benefit of the public at large, and not mainly for the benefit of a certain district, and, having found these facts, it applied thereto the law, that the city could not, by a simple declaration, make a district sewer of one which possessed all the distinguishing elements of a public sewer.   There is ample evidence in the record to sustain the finding of the court.   If the plaintiff desired to raise the question in the trial court which he now urges upon our attention, he should have framed appropriate instructions, based upon a hypothetical statement of the evidence, so as to enable us to see whether the court applied the law correctly to the facts found by it from the evidence.

The proposition is certainly untenable, that a municipality can charge property within a certain district for the construction of a sewer therein without regard as to whether the primary object of such sewer is one to benefit the public at large, or to benefit a particular district.   To concede such a power would render the provision in the charter, that "the cost of public sewers shall be paid out of the general revenue," wholly nugatory.   That the power is vested in the courts to declare an ordinance unreasonable which seeks to charge on private property an improvement constructed in the main for the public benefit, has been decided in *Corrigan v. Gage*, 68 Mo. 541.   It has also been repeatedly held that where an ordinance is altogether unreasonable and oppressive, it may be vacated by the courts for that reason alone.   *City of Hannibal v. Missouri and Kansas Telephone Company*, 31 Mo. App. 23; *Springfield Railroad Company v. City of Springfield*, 85 Mo. 674; *Kelly v. Meeks*, 87 Mo. 401. As there was evidence tending to show in this case that the Vandeventer sewer was a public sewer, and that the ordinance by which it was designated as a district sewer

was oppressive, we can not disturb the finding of the court.

It is needless to inquire whether the further objections raised by the answer, namely, that the sewer was constructed on private ground, and that the district itself had been abolished prior to the doing of this work, are sustained by substantial evidence.

All the judges concurring, the judgment is affirmed.