# W. F. SHELTON, JR., Appellant, v. MARGARET L. LENTZ et al., Respondents.

### St. Louis Court of Appeals, July 2, 1915.

1. CONSTITUTIONAL QUESTIONS: Manner of Raising: Pleading. The mere allegation that an ordinance is "unreasonable, arbitrary, unconstitutional, and void," without pointing out the particular provision or provisions of the Constitution asserted to have been violated thereby, raises no constitutional question.

2. BUILDING RESTRICTIONS: Threatened Violation of Municipal Ordinance: Injunctions: Persons Entitled to Sue. The general rule is, that equity will not interfere to restrain the violation of a municipal ordinance nor to prevent the commission of a crime, at the instance of a citizen who suffers no special or peculiar injury from the doing of the act sought to be restrained, different from that suffered by any other citizen, and will not, at a suit of a city, restrain a threatened violation of an ordinance thereof regulating the erection of buildings for the purpose of affording greater sequrity against loss by fire, nor will a suit in equity lie at the instance of an individual, when brought solely for the enforcement of the ordinance, and not because of any special or peculiar damage to him; but where it appears that the erection of a building, in express violation of a valid municipal ordinance, will work special and peculiar injury of an irreparable nature to the plaintiff, he may maintain a suit in equity to enjoin the erection thereof.

3. ——: ——: ——: ——. In an action by an owner of a frame structure, adjoining a proposed brick veneer building and within fifty feet thereof, and of other wooden structures erected prior to the enactment of an ordinance establishing limits and prohibiting the erection of veneer buildings therein, to enjoin the erection of the proposed building, on the ground that the erection of that kind of building was forbidden by the ordinance, *held* that, in view of the fact that the proposed building would contain more combustible material than would buildings permitted by the ordinance, and would increase the danger of damage by fire to plaintiff's buildings and increase insurance rates thereon, plaintiff suffered peculiar and special damage, entitling him to injunctive relief.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker*, Judge.

REVERSED AND REMANDED (*with directions*).

*Jones & Jones* for appellant.

The court erred in dissolving the temporary writ of injunction and overruling plaintiff's motion for new trial: (1) Because the Board of Aldermen of the city of Kennett had the express power to pass an ordinance establishing fire limits and regulating the kind and character of buildings to be erected within such limits in conformity with law. R. S. 1899, sec. 5958, Laws 1895, page 65; R. S. 1909, sec. 9372. (2) Because the ordinance as passed by the Board of Aldermen was in conformity with the law and charter of the city of Kennett and was a reasonable exercise of its power, and was in pursuance of express legislative authority. (a) Ordinances passed under express legislative authority are not unreasonable and where the reasonableness of a municipal ordinance is in issue all reasonable doubts are resolved in favor of the municipality. A large and liberal discretion is allowed muncipal authorities. State ex rel. v. Clifford, 228 Mo. 194; Morse v. Westport, 110 Mo. 508; St. Louis v. Weber, 44 Mo. 550; Stafford v. Railroad, 110 Wis. 331; St. Louis v. Kellman, 235 Mo. 693; Waterworks Co. v. Webb City, 78 Mo. App. 422; Chimine v. Baker, 75 S. W. 330; 28 Cyc. 389; Doniphan v. White, 110 Mo. App. 507; Tarkio v. White, 120 Mo. 9; St. Charles v. Elsner, 155 Mo. 681; Skinker v. Heman, 148 Mo. 355; Centralia v. Smith, 103 Mo. App. 438; Eichenlaub v. St. Joseph, 113 Mo. 405. (b) Private encroachments upon public rights are not to be favored by construction. Elec. Light Co. v. Alpena, 130 Mich. 413; Traverse City Gas Co. v. Traverse City, 130 Mich. 17; Philadelphia v. Western Union, 11 Phil. (Pa.) 327; Stafford v. Railroad, 110 Wis. 331; Rogers Park Water Co. v. Fergus, 180 U. S. 624; Danville Water Co. v. Danville, 180 U. S. 619; Freeport Water Co. v. Freeport, 180 U. S.

587; 28 Cyc. 388; Kerz v. Water Co., 139 Ill. App. 598. (3) Because the permit granted by the, board to Mrs. Lentz is invalid and constituted no defense, being by mere entry upon council record, and wholly unauthorized. Chimine v. Baker, 75 S. W. 330; 28 Cyc. 387; Eichenlaub v. St. Joseph, 113 Mo. 402; Zimmerman v. Railroad, 154 Mo. App. 296; Ristine v. Clements, 31 Ind. App. 338; People v. Latham, 203 Ill. 9; Trenton v. Coyle, 107 Mo. 194; Saxton v. Beach, 50 Mo. 488; Saxon v. St. Joseph, 60 Mo. 158; Thompson v. Boonville, 61 Mo. 283; People v. Mount, 186 Ill. 560; Railroad v. Chicago, 174 Ill. 439; Hearst's Chicago American v. Spiss, 117 Ill. App. 436; Terre Haute v. Lake,. 43 Ind. 480; Michael v. Trenton, 163 Ala. 425. (4) Because plaintiff below and appellant here was an adjoining property owner and as such had a special interest in the enforcement of the fire ordinance which will afford him injunctive relief. Zimmerman v. Railroad, 154 Mo. App. 301; Schopp v. St. Louis, 117 Mo. 131; Caskey v. Edwards, 128 Mo. App. 239; Cummings v. St. Louis, 90 Mo. 259; Atterbury v. West, 139 Mo. App. 180; Chimine v. Baker, 75 S. W. 330.

*Fort & Zimmerman* for respondent.

(1) Respondent's demurrer to the petition should have been sustained, because it states no facts authorizing injunctive relief. A proceeding by injunction is a civil action and the defendant must necessarily be subject to a civil liability, yet a municipal ordinance cannot create a civil liability against a person violating it and in favor of persons injured by its violation, for this is a power which belongs alone to the sovereign power of the State. The only liability which attaches to the infraction of such an ordinance is the penalty it imposes. Moran v. Company, 134 Mo. 650; Loth v. Company, 197 Mo. 357; Carpenter v. Company, 103 Mo. App. 498. (2) Injunction will not lie to restrain,

or prevent, the erection of a building within the fire limits of a city, forbidden by municipal ordinance. Warren v. Cavanaugh, 33 Mo. App. 102; Mason v. Deitering, 132 Mo. App. 26; Rice v. Jefferson, 50 Mo. App. 464; Caskey v. Edwards, 128 Mo. App. 241. (3) Respondent concedes that the permit issued to her authorizing her to build the house mentioned in this suit was of no legal validity and is no defense in this suit. R. S. 1909, sec. 9372; Eichenlaub v. City, 113 Mo. 395-403; Dougherty v. City, 110 Mo. App. 626.

ALLEN, J.—This is a suit in equity to enjoin the erection of a "brick veneer" building within the fire limits of the city of Kennett, Missouri, contrary to the provisions of an ordinance of said city. Defendant Mrs. Lentz is the owner of lot 43 of block 12 of the city of Kennett, and at the time of the institution of this suit was proceeding to erect thereupon a building of the character mentioned, and had partly constructed the same. Plaintiff is the owner of property in this block and of other buildings in the vicinity. The court below issued a temporary injunction, but upon a hearing upon the merits found the issues in favor of defendants, dissolved the temporary injunction and dismissed plaintiff's bill; whereupon plaintiff appealed to this court.

The building which Mrs. Lentz was proceeding to erect was to consist of a wooden frame-work placed upon a concrete foundation, with the outer walls thereof veneered with brick, i. e., having one layer of brick outside of and coating the frame structure. A municipal ordinance prohibits, within a certain district, the erection of any frame building or of any building "the outer walls of which shall be composed in whole or in part of wood" or of any building "the outer walls of which shall be veneered or faced with metal or brick (commonly called brick-veneer.)" And it is admitted that the building whose erection is sought to be re-

strained is situated within the fire limits as fixed by ordinance, being in the extreme southwest corner thereof.

It appears that block 12 is bounded upon the west by Jackson street, which extends north and south, upon which lot 43 fronts; and that this block extends east to Main street. The evidence is that plaintiff owns a frame building in block 12, fronting upon Jackson street, about fifty feet from the building here in question, and it also appears that he owns two frame buildings on the east side of block 12 fronting upon Main street, as well as other property in an adjoining block. Plaintiff's frame buildings are old buildings which were erected prior to the extension of the fire limits to include this portion of the city.

Though the erection of a building of the character mentioned, within the fire limits aforesaid, is forbidden by ordinance, Mrs. Lentz obtained a so-called permit from the municipal authorities purporting to authorize her to erect such a building; and having obtained this she proceeded with the erection thereof until halted by the issuance of the temporary injunction.

The action proceeds upon the theory that plaintiff will suffer a peculiar and irreparable injury by the erection of the building in question, in that it will greatly endanger his property, depreciate the value thereof and increase the insurance thereupon. Such are the allegations of the petition; and it is alleged that the legal authorities of the city have refused to prohibit the violation of the ordinance forbidding the construction of such buildings within the fire limits, and that plaintiff is without remedy at law.

The answer admits that defendant, Mrs. Lentz, is proceeding to erect a building of the character mentioned in the petition, upon the premises in question, but avers that she is within her legal rights in so doing and that plaintiff is not entitled to the relief sought.

After admitting the existence of the ordinance pleaded in the petition, and that the building in question is within the fire limits of the city, it is averred that the ordinance prohibiting the erection within such fire limits of any "brick veneer" building is "unreasonable, arbitrary, unconstitutional and void, and that the city of Kennett in passing said ordinance went beyond the power granted to it by its charter and did not exercise such powers as were granted to it in a reasonable manner."

The record does not disclose the theory pursued by the trial court in dismissing plaintiff's bill. There is no constitutional question in the case. If there were, as a matter of course, we would have no jurisdiction. There is no point made here that we are without jurisdiction by reason of the fact that a constitutional question is involved; and such point would not be good if made for the reason that the answer of defendants below was not such as to raise any constitutional question. The mere allegation that the ordinance is "unreasonable, arbitrary, unconstitutional and void," without pointing out the particular provision or provisions of the Constitution asserted to have been violated thereby, raises no constitutional question whatsoever.

It may be said, however, that the ordinance here involved is altogether unlike that passed upon by the Supreme Court in Hays v. City of Poplar Bluff, 263 Mo. 516, 173 S. W. 676, which purported to make it unlawful, within certain established fire limits, to construct buildings of a certain character without having obtained special permission from the mayor and city council. The ordinance before us upon its face purports to prohibit absolutely the erection of buildings of the character mentioned therein, within fire limits. But it appears that the city authorities sometimes granted "permits" to property owners to erect buildings in violation of the ordinance, at least in certain

sections within the fire limits. And a permit was so issued to the defendant, Mrs. Lentz, in the instant case. That such a permit is a nullity and constitutes no defense to this action is conceded by respondents in their brief before us.

Respondents contend that an injunction will not lie to restrain the erection of the building in question, though the same is being erected confessedly in violation of the municipal ordinance aforesaid. It may be conceded that the general rule is that equity will not interfere to restrain the violation of a municipal ordinance, nor to prevent the commission of a crime, at the instance merely of a citizen who suffers no special or peculiar injury from the doing of the act sought to be restrained, different from that suffered by any other citizen. As a rule a court of equity will not, at a suit of the city, restrain a threatened violation of an ordinance thereof regulating the erection of buildings, for the purpose of affording greater security against loss by fire. [See First Nat'l. Bank at Mount Vernon v. Sarlls, et al., 129 Ind. 201, 1. c. 203, 204, 13 L. R. A. 481, 28 Am. St. Rep. 85, and authorities cited.] Nor will a suit in equity lie at the instance of an individual when brought solely for the enforcement of the ordinance and not because of any special or peculiar damage threatened to the plaintiff. [Caskey v. Edwards, 128 Mo. App. 237, 107 S. W. 37; Mason v. Deitering, 132 Mo. App. 26, 111 S. W. 862; Bank v. Sarlls, supra.]

However, the great weight of authority is to the effect that where it appears that the erection of a building, in express violation of a valid municipal ordinance, will work special and peculiar injury of an irreparable nature to the plaintiff, he may maintain a suit in equity to enjoin the erection thereof, and that "it is only when the injury is general, and public in its effects, and no private right is violated, in contradistinction to the rights of the rest of the public, that in-

191M.A.45

dividuals are precluded from bringing private suits for the violation of their individual rights." [Banks v. Sarlls, supra, l. c. 204.] [See, also, Banks v. Dworak, — Nebr. —, 5 L. R. A. (N. S.), 493; Kaufman v. Stein, 138 Ind. 49, 46 Am. St. Rep. 368; Griswold v. Brega, 160 Ill. 390, 52 Am. St. Rep. 350; Blanc v. Murray, 36 La. Ann. 162, 51 Am. Rep. 7.]

In Banks v. Dworak, supra, the latest of the cases cited above, in discussing this question it is said:

"It may be conceded that the municipal authorities and a citizen of the village who suffers no special damage from the violation of an ordinance cannot ordinarily have the assistance of a court of equity to enjoin a threatened violation thereof. The reason is plain. In the case under consideration the village authorities may, without judicial authority and on their motion, tear down a wooden building erected in violation of an ordinance fixing the fire limits, and a private citizen, though not specially damaged, may institute a proceeding to enforce the penalty provided by such ordinance. [Lemmon v. Guthrie Center, 113 Iowa, 36, 86 Am. St. Rep. 361, 84 N. W. 986 and authorities cited.] Their remedy at law is full and adequate. The facts stated in the appellee's petition, and which are admitted by the demurrer, show that he would sustain special damage not suffered by the public at large in consequence of the proposed removal of the house to the near vicinity of his own residence. In such cases equity will interfere to protect him against the threatened injury." [Citing Bank v. Sarlls and Griswold v. Brega, supra.]

Respondents cite the decision of this court in Warren v. Cavanaugh, 33 Mo. App. 102, and that of the Kansas City Court of Appeals in Rice v. Jefferson, 50 Mo. App. 464, as authority in support of their contention that equity will not interfere in a case of this character.

Warren v. Cavanaugh, supra, was a suit to restrain the opening of a stone quarry, upon the ground that the same was forbidden by a municipal ordinance of the city of St. Louis. It is said in the opinion that it nowhere appeared that the quarry was or would become a nuisance, and that the petition alleged no special or peculiar injury to the plaintiff. It is further said, however, that equity will not interfere where there is a violation of a municipal ordinance except where the act sought to be prohibited will result in the creation of a nuisance *per se*.

In Rice v. Jefferson, supra, it was sought to restrain the violation of a municipal ordinance such as that here in question, viz., one forbidding the erection of buildings of a certain character within prescribed fire limits. It was held, in an opinion by GILL, J., to which is added an opinion by SMITH, P. J., in passing upon the motion for rehearing, that the action would not lie. But little appears regarding the nature of the injury suffered by the plaintiff therein, though it does appear that he was the owner of real property within the same block. The defendant had previously been tried before the city authorities for the alleged violation of the ordinance in question, had been found not guilty, and discharged; and this fact is more than once adverted to in the course of the original opinion. But the opinion appears to hold that injunctive relief may not be had in any event, in a case of such character, unless the structure prohibited by municipal regulation was such as to constitute a nuisance *per se*.

The theory that equity will interefere only where the proposed structure will constitute a nuisance *per se* is, we think, unsound and at discord with the great weight of authority on the question. In Bank v. Sarlls, supra, 1. c. 204, it is said:

"Some of the authorities above cited affirm that to warrant the application of the restraining power to prevent the erection of buildings in violation of a city

ordinance, the act sought to be restrained must be a nuisance in fact, and not one created solely by statutory enactment, or municipal ordinance.

"We can see no good reason for the distinction. Where it is shown that the erection of a building, if permitted, will be in express violation of a valid municipal ordinance, although it would not be a nuisance *per se,* an individual who shows such fact, and shows in addition that its erection will work special and irreparable injury to him and to his property, is entitled to relief by injunction."

This doctrine may be regarded now as well established by the authorities, and it appears to be sound upon principle. To the extent therefore that the opinion in Warren v. Cavanaugh, supra, and Rice v. Jefferson, supra, are at variance therewith, they should not be and have not been followed. The doctrine that equity will not, in any event, interfere to restrain the doing of an act prohibited by municipal ordinance unless the result thereof is to create a nuisance *per se,* has been distinctly disapproved by the Kansas City Court of Appeals in Caskey v. Edwards, 128 Mo. App. 237, 107 S. W. 37, where, in an opinion by ELLISON, J.; the rule announced in Bank v. Sarlls, supra, is followed, that case being cited in support thereof. Likewise this court, in Mason v. Deitering, 132 Mo. App. 26, 111 S. W. 862, hold that it was not essential that the prohibited act be such as to create a nuisance *per se.* Thus it will be seen that the later rulings of this court and the Kansas City Court of Appeals are in accord with the current of authority on this question.

In the case note to Banks v. Dworak, supra, in 5 L. R. A. (N. S.) 493, it is said:

"The courts are nearly all in accord with Banks v. Dworak, upon the proposition that the erection of buildings in violation of a municipal ordinance will be enjoined at the suit of an adjoining property holder who is able to show separate and irreparable injury

to himself or to his property." [Citing cases to which we have referred above.]

Later, in the same note, it is said that there are but two cases which in any way throw doubt upon the principles of law to be gathered from the decision cited, one being Rice v. Jefferson, supra, and the other Stilwell v. Writing Academy, 21 Abb. N. C. 472, 4 N. Y. Supp. 414. Of Rice v. Jefferson, it is said:

"It does not appear from the opinion in this case that there was any claim of special damage, but such may be inferred from a perusal of plaintiff's brief (bottom of p. 466.) This decision is further interesting in that it seems to hold that no injunction would lie in any event, whether special damage be shown or not, to restrain anything forbidden by law that was not a nuisance *per se.*"

The question remains whether or not the evidence shows such a special and peculiar injury resulting to plaintiff from the threatened erection of this building as to bring his case within the rule stated above. An examination of the record has convinced us that there is a sufficient showing as to this. Plaintiff is the owner of a frame structure upon the property adjoining that of the defendant, Mrs. Lentz, and within fifty feet of the building in question, and is the owner of other wooden structures in the block. The evidence is to the effect that the building sought to be prohibited will contain much more combustible material than buildings of the character permitted by the ordinance, and will increase the danger of damage by fire, particularly to defendant's building standing in close proximity thereto, and there is evidence that the erection of such a building will increase the rate of insurance upon plaintiff's property. This, we think, shows a peculiar injury, different from that sustained by the public at large, entitling plaintiff to maintain this action. [See Griswold v. Brega, 160 Ill. 490; Banks v. Dworak,— Neb. — 5 L. R. A. (N. S.), 493; Horstman, et al. v.

Young, 13 Phila. 19.] It is true, as respondents assert, that plaintiff's frame building may likewise endanger this "brick-veneer" building; but this is not to be reckoned, for the reason that when plaintiff's building was erected it was lawful to construct such a structure upon plaintiff's property, the fire limits then not having been extended to include this portion of the city.

We are therefore of the opinion that the learned chancellor below was in error in holding that plaintiff could not maintain the action and in dismissing plaintiff's bill. The judgment will therefore be reversed and the cause remanded, with directions to the circuit court to enter a decree for plaintiff restraining the erection or maintenance by defendants of the building complained of, upon the premises in question. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.